IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| NICHOLE MING, as Next Friend of MASON MING, | * | |
| | * | |
| Plaintiff, | * | Case No.: GJH-22-1624 |
| v. | * | |
| ARCHBISHOP SPAULDING HIGH SCHOOL, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Nichole Ming, as Next Friend of Mason Ming, brings this civil action against Defendant Archbishop Spaulding High School (the "High School") for discrimination in public accommodations under 42 U.S.C. § 2000a; discrimination in violation of 42 U.S.C. § 1981; intentional infliction of emotional distress; and negligent supervision, hiring, and retention. ECF No. 1. Pending before the Court is Plaintiff's Motion for Default Judgment. ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion is denied.

I.   **BACKGROUND**

Plaintiff is Nichole Ming, as Next Friend of Mason Ming, and a resident of Anne Arundel County, Maryland. ECF No. 1 ¶ 3. Defendant is Archbishop Spaulding High School, a private high school operating in Anne Arundel County. *Id.* ¶ 4. The High School operates several sports programs annually, including a youth summer football program that is open to the general public. *Id.* ¶ 6. The Complaint alleges that the High School's varsity football coach discriminated against

Plaintiff's son, Mason, who is African American, when he was an attendee at the camp. *Id.* ¶¶ 9–16. The Complaint alleges use of a racial slur. *Id.* ¶ 10.

Plaintiff filed the Complaint on July 1, 2022. ECF No. 1. On August 26, 2022, Plaintiff filed a Motion for Default Judgment, noting that Defendant's response was ten days late. ECF No. 6 at 1.[1] On the same day, Defendant filed an Answer to the Complaint, ECF No. 7, a Motion to Extend Time or Otherwise Respond to Plaintiff's Complaint, ECF No. 8, and an Opposition to the Motion for Default Judgment, ECF No. 9.

**II.    DISCUSSION**

Plaintiff argues that Defendant's Answer to the Complaint was due on August 16, 2022. ECF No. 6 at 1. As of August 26, 2022, Defendant had failed to plead or file a responsive motion, and thus Plaintiff filed a Motion for Default Judgment. *Id.* Defendant subsequently responded to the Complaint the same day. ECF No. 7. Defendant argues that default judgment is inappropriate because the ten-day delay was made due to an administrative error and Plaintiff will suffer no prejudice as a result of the delay. ECF No. 8; ECF No. 9.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the clerk enters a default, the party may seek a default judgment under Rule 55(b). Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). However, "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Md. 2012). Entry of default judgment is generally disfavored, *Tazco, Inc. v. Dir., Office of Workers Comp. Programs*, 895 F.2d 949, 950 (4th Cir.1990), and the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

      Here, the Court finds default judgment is inappropriate. First, the Clerk has not entered a default against the Defendant, pursuant to Rule 55(a). Second, the Defendant has since filed an Answer to the Complaint, submitted just ten days after the deadline. "[D]efault judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days." *Shipp v. Goldade*, No. 519CV00085KDBDCK, 2019 WL 13225873, at *1 (W.D.N.C. Sept. 9, 2019) (quoting *Mitchell v. First Cent. Bank, Inc.*, No. 2:08CV6, 2008 WL 4145451, at *1 (N.D.W. Va. Sept. 8, 2008)) (denying entry of default judgment when defendant filed an answer "approximately one week late"); *see Dow v. Jones*, 232 F.Supp.2d 491, 495 (D. Md. 2002) (denying entry of default when defendant filed a motion to dismiss three days late); *United States v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (denying government's motion for default judgment when defendant did not file an answer until twenty-one days after time expired). Defendant has further explained that the delay was due to an administrative issue, whereby the Complaint was mailed to a Resident Agent of the School who has since retired, at an address that is different from the address of the High School.[2] ECF No. 8 at 1–2. Nor has Plaintiff alleged any prejudice from the brief delay in the Defendant's filing.

      Accordingly, default judgment will not be entered.

---

[2] Defendant's Motion to Extend Time, ECF No. 8, is granted.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied.

Date: <u>January 27, 2023</u>                                                  __/s/_____
                                                                                           GEORGE J. HAZEL
                                                                                           United States District Judge